# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2013

Lyle W. Cayce
Clerk

No. 13-30128
Summary Calendar

KENNETH JAMES MOUTON,

Plaintiff-Appellant

v.

STATE OF LOUISIANA; OFFICE OF DISTRICT ATTORNEY; RONALD
DAUTERIVE; PATRICK MICHOT; WAYNE CLIFTON; HAROLD
REGISTER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CV-1320

Before HIGGINBOTHAM, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Kenneth James Mouton, Louisiana prisoner # 328541, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. In his complaint, Mouton alleged that he had been convicted of armed robbery and aggravated criminal damage and sought damages, asserting various errors that occurred as part of his criminal trial and subsequent

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

postconviction proceedings.  The district court concluded that Mouton's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Additionally, Mouton's claim against Harold Register was subject to dismissal because Register, as a private attorney, was not a state actor within the meaning of § 1983.  The claims against Dauterive and Michot were also subject to dismissal on grounds of absolute immunity.

We review de novo the district court's dismissal.  *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).  Mouton disagrees with the finding that his claims are barred under *Heck*.  He contends that he is not attempting to overturn his conviction via a habeas corpus application, but instead is seeking damages for the alleged constitutional violations.  Mouton also reasserts the merits of the claims he raised in his § 1983 complaint.

The test to determine whether a claim is barred by *Heck* is not whether success would invalidate the conviction, but whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486-87.  Mouton's arguments regarding ineffective assistance, prosecutorial misconduct, trial court error, judicial misconduct, juror misconduct, and wrongful incarceration are all barred by *Heck* because these claims are directly related to the validity of his conviction.  *See id.*  As Mouton has failed to establish that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, the district court did not err in dismissing his complaint for failure to state a claim.  *See Heck*, 512 U.S. at 486-87.

To the extent that the district court based its dismissal on grounds of immunity and Register's status as a private attorney, Mouton has not adequately briefed any challenge to the district court's determination and has abandoned these issues on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224-25

No. 13-30128

(5th Cir. 1993).    Thus, the appeal is without arguable merit and is thus frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is dismissed.  *See* 5TH CIR. R. 42.2.  Mouton's motion for the appointment of counsel is denied.

The dismissal of this appeal counts as one strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mouton has two prior strikes.  *See Mouton v. State*, No. 3:12-CV-236 (M.D. La. Jan. 8, 2013); *Mouton v. John, et al.*, No. 3:11-CV-225 (M.D. La. Apr. 26, 2011). Accordingly, he is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; § 1915(g) BAR IMPOSED.